FITZPATRICK, Judge.
Jake Thomas Taylor (appellant) was convicted in a jury trial of attempted rape, sexual battery, attempted forcible sodomy, and breaking and entering with the intent to commit rape while armed with a deadly weapon. On appeal, he argues that the trial court erred in: (1) allowing an expert witness to testify about the victim’s posttraumatic stress disorder and thus corroborate the victim’s testimony, and (2) finding the evidence sufficient to support the convictions. For the reasons that follow, we affirm the judgment of the trial court.
BACKGROUND
On October 19,1993, the victim awoke at approximately 9:00 a.m. when she heard a noise at the door of her trailer. While sitting on her bed, she saw a person dressed in a camouflage outfit coming toward her. Although the intruder’s face was covered, the victim believed that she recognized the intruder because of his build. She testified that she said, “Tommy,” *561 the name she called appellant, who was her neighbor and an acquaintance of her male friend.
The intruder pushed the victim prone on the bed, bound her hands behind her back, and taped her mouth. The victim struggled as the intruder fondled her breast, inserted his fingers in her vagina, attempted to insert his penis in her mouth, and attempted to have sexual intercourse with her. While struggling, the victim freed one of her hands and tore off the intruder’s mask, which allowed her to see his nose and lips. She testified that this view of the intruder’s nose and lips confirmed her belief that the intruder was the man she called “Tommy,” the appellant.
The victim identified a camouflage outfit that the police seized from appellant’s apartment as the clothing worn by her attacker. She recalled that the shirt was “faded, ... had holes in it, and [had] the same design.” She further testified that, during the half hour the intruder was in her trailer, she clearly saw his clothing and heard his voice when he engaged in extensive conversations with her. At trial, she identified appellant as the intruder.
Appellant testified at trial and denied involvement in this incident. He testified that he got out of bed between 9:00 a.m. and 9:30 a.m. and went to the Laurel Mills store to buy coffee. He lived directly behind the store, which was located one-quarter mile from the victim’s trailer. At approximately 9:30 a.m., Harlan Coffey (Coffey) knocked on appellant’s door to borrow a cooler. Appellant went with Coffey into the store’s parking lot. Five people, including Coffey, verified appellant’s presence at the store at 9:30 a.m.
EXPERT TESTIMONY
Appellant contends that the trial court erred in allowing Peggy Christensen (Christensen), a licensed clinical social worker, to testify that the victim suffered from posttraumatic stress disorder. Appellant’s argument is that, by corroborating the victim’s version of the events, Christensen’s testimony was used to enhance the victim’s credibility, and this use *562 invaded the jury’s function of determining the credibility of witnesses. In overruling appellant’s objections at trial, the trial judge stated: “I will instruct the Commonwealth that [Christensen’s] not to give any opinion as to the victim’s truthfulness. Other than that, the Court will rule that the Commonwealth has the right to call an expert witness as to counseling.”
At trial, Christensen testified that, three months after the reported incident, she began counseling the victim. The victim told Christensen that she had been sexually assaulted and was “having a great deal of symptoms that were making it difficult for her to feel safe and functional.” Christensen described the victim’s symptoms, including violent nightmares involving the intruder, sleep disturbances, recurrent flashbacks, and difficulty being around men. Christensen “found [the victim] to be suffering from posttraumatic stress disorder,” [1] explained how she reached her diagnosis from the symptoms that the victim related, and testified that posttraumatic stress disorder may afflict “anyone who has had a traumatic event outside of normal human experience that would be markedly distressing to almost anyone.” Additionally, Christensen identified and explained the four criteria necessary to diagnose posttraumatic stress disorder. Applying these criteria to the victim, Christensen expressed her professional opinion that the victim demonstrated the requisite number of criteria to support a diagnosis of posttraumatic stress disorder. Christensen did not recount any details of the rape that the victim may have told her.
Appellant asserts that Christensen commented on the credibility of the victim when she testified that she “had to decide whether [she] believed [the victim] or not” and acknowledged that the correctness of her diagnosis of posttraumatic stress disorder depended upon whether she believed the victim’s *563 history regarding her symptoms. However, these statements were in response to cross-examination by defense counsel and were not elicited by the Commonwealth. During her testimony on direct examination, Christensen never stated that she believed the victim was telling the truth or that she believed the victim had been sexually assaulted.
“ ‘The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion.’ ” Crews v. Commonwealth, 18 Va.App. 115, 118, 442 S.E.2d 407, 409 (1994) (quoting Blain v. Commonwealth, 7 Va.App. 10, 16, 371 S.E.2d 838, 842 (1988)). “[Ejxperts in criminal cases must testify on the basis of their own personal observations or on the basis of evidence adduced at trial.” Buchanan v. Commonwealth, 238 Va. 389, 416, 384 S.E.2d 757, 773 (1989), cert. denied, 493 U.S. 1063, 110 S.Ct. 880, 107 L.Ed.2d 963 (1990). In this case, Christensen’s diagnosis was based on her personal clinical observations of the victim during ten therapy sessions and on the victim’s description of her problems and fear resulting from the incident.
“Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.” Ragland v. Commonwealth, 16 Va.App. 913, 918, 434 S.E.2d 675, 678 (1993). “Once evidence is determined to be relevant and material, ‘[t]he responsibility for balancing ... probative value and prejudice rests in the sound discretion of the trial court,’ and its decision ‘will not be disturbed on appeal in the absence of a clear abuse.’ ” Wilkins v. Commonwealth, 18 Va.App. 293, 298, 443 S.E.2d 440, 443 (1994) (en banc) (quoting Ferrell v. Commonwealth, 11 Va.App. 380, 390, 399 S.E.2d 614, 620 (1990)). In a prosecution for rape, “[t]he physical and mental condition, as well as the conduct of the prosecutrix, ... is always admissible. The remoteness of the examination by a physician [or therapist], from the date of the crime, affects its probative force, but not necessarily its admissibility.” Loving v. Commonwealth, 165 Va. 761, 765, 182 S.E. *564 224, 225 (1935) (emphasis added).[2] See also Elam v. Commonwealth, 229 Va. 113, 115, 326 S.E.2d 685, 686-87 (1985) (holding medical and forensic evidence of physical injury to be sufficient circumstantial evidence, along with other evidence, to prove rape, despite the prosecutrix’s testimony that she did not believe she had been raped); Tuggle v. Commonwealth, 228 Va. 493, 510-11, 323 S.E.2d 539, 549-50 (1984) (holding medical evidence of physical injuries sufficient as circumstantial evidence to prove rape), judgment vacated on other grounds, 471 U.S. 1096, 105 S.Ct. 2315, 85 L.Ed.2d 835 (1985).
We reject appellant’s argument that Christensen’s testimony constituted a comment on the victim’s credibility. Christensen testified only as to the history of the victim’s symptoms, her clinical observations of the victim, and her diagnosis of the victim’s emotional disorder based upon those symptoms. Christensen did not testify about any details of the attack, give the victim’s version of the offense, or testify that she believed the victim was telling the truth. She merely testified that, based on her observations of the victim, the victim was suffering from posttraumatic stress disorder caused by some traumatizing event. Additionally, any comment as to whether Christensen believed the victim was raised solely during the cross-examination of Christensen.
Davison v. Commonwealth, 18 Va.App. 496, 445 S.E.2d 683 (1994), relied on by appellant, is readily distinguishable from the instant case. In Davison, this Court held that the trial court erred by allowing a “therapist” to testify concerning the “phenomenon of recanting” to explain why a child would give an extrajudicial statement different from the child’s testimony and initial account of a sexual assault. Id. at 498-99, 445 S.E.2d at 684-85. The witness in Davison, who had read one *565 article on recantation, was permitted to testify as to whether a child’s recantation should be disbelieved. Id. at 500-01, 445 S.E.2d at 685-86. We held that the therapist’s testimony was inadmissible for a number of reasons, including that the witness was offering an opinion about why the child’s testimony should be believed and why a prior inconsistent statement should be disbelieved. Id. at 503, 445 S.E.2d at 687. No such testimony was elicited in this case.
We hold that evidence of an emotional or psychological injury such as posttraumatic stress disorder, like medical evidence of physical injury, is relevant as circumstantial evidence of the occurrence of a traumatizing event. In this case, Christensen’s testimony corroborated the fact that the victim had suffered a traumatizing event, as evidenced by her mental condition, and constituted neither the expression of an opinion on the victim’s credibility nor an opinion as to which version of events should be accepted by the jury.
SUFFICIENCY OF THE EVIDENCE
On appeal, appellant argues that insufficient evidence supports his convictions because of inconsistencies in the victim’s testimony, and that the circumstantial evidence produced at trial did not exclude every reasonable hypothesis of innocence. However, in his motion to strike made at the end of the Commonwealth’s case, appellant’s counsel argued only that the evidence failed to establish that the intruder was armed with a deadly weapon when breaking and entering, and that the sexual battery charge was a lesser-included offense of the attempted rape and attempted forcible sodomy charges. Appellant’s counsel renewed the motion to strike at the end of appellant’s case based on the “same argument.”
“No ruling of the trial court ... will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling----” Rule 5A:18. See Jacques v. Commonwealth, 12 Va.App. 591, 593, 405 S.E.2d 630, 631 (1991). At trial, appellant failed to raise the specific arguments he now raises on appeal. Moreover, *566 the record does not reflect any reason to invoke the good cause or ends of justice exceptions to Rule 5A:18. Thus, Rule 5A.T8 bars our consideration of these arguments on appeal.
Accordingly, the judgment of the trial court is affirmed.

Affirmed.

. Christensen testified that posttraumatic stress disorder is recognized in the profession as a mental disorder and that the criteria for diagnosis are set forth in the Diagnostic and Statistical Manual, a recognized text in her field. See Diagnostic and Statistical Manual of Mental Disorders § 309.89, at 247-352 (3d ed. rev. 1987).

. Similarly, this Court has held that expert testimony on battered child syndrome “ ‘is not an opinion regarding the culpability of any particular defendant____ [It] merely tends to show that the child was intentionally, rather than accidentally, injured.' " Price v. Commonwealth, 18 Va.App. 760, 765, 446 S.E.2d 642, 645 (1994) (quoting Commonwealth v. Rodgers, 364 Pa.Super. 477, 528 A.2d 610, 614 (1987), appeal denied, 518 Pa. 638, 639, 542 A.2d 1368 (Pa.1988)).