COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Elder and Fitzpatrick
Argued at Richmond, Virginia


ROBERT E. CONNER
                                        MEMORANDUM OPINION[*] BY
v.        Record No. 1720-96-2    JUDGE JOHANNA L. FITZPATRICK
                                             MARCH 25, 1997
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF BRUNSWICK COUNTY
                      Robert G. O'Hara, Jr., Judge

          Matthew N. Ott (Michelle Morris Jones;
          Matthew N. Ott, P.C., on briefs), for
          appellant.

          Kathleen B. Martin, Assistant Attorney
          General (James S. Gilmore, III, Attorney
          General, on brief), for appellee.


     Robert E. Conner (appellant) was convicted in a bench trial

of taking indecent liberties with a minor and of contributing to

the delinquency of a minor.  On appeal, he contends that the

trial court erred in (1) finding the evidence sufficient to prove

that appellant maintained a custodial or supervisory relationship

with the victim as required by Code § 18.2-370.1; and (2)

allowing a mental health counselor to testify about her

observations of the victim.

     In May and June of 1994, appellant was the "homebound

teacher" for J.T. Allen (Allen) who had been injured in an

automobile accident.  After the school year ended, appellant

maintained contact with Allen, because he "had gotten to know

          [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

J.T. and he was having a few family problems and his mother wanted me to stay involved with and help J.T."

During the following school year, appellant was a substitute teacher at Allen's school. He continued to remain friendly with Allen. On occasions when appellant substituted in Allen's class, he called Allen to the front of the room where they would talk. On other occasions, when appellant substituted for another class, he would remove Allen from class to walk around or go to the agricultural department building to smoke. Allen eventually complained to the principal because he "got tired" of appellant frequently having him excused from class.

On April 18, 1995, after an argument with his mother, Allen, then age seventeen, contacted appellant and asked him for a ride. Appellant picked up Allen and a friend, allowed Allen to drive his friend back to town, and told Allen to return to appellant's home. After returning to appellant's home, appellant took several pictures of Allen and while posing him, unzipped his pants. He pulled Allen's pants down further, and measured Allen's forearms, muscles, and stomach, and "he stuck, put the end of the measuring tape in one hand and the ruler in the other one and he stuck his hand down [Allen's] pants, grabbed [his] penis and said, 'Why don't we measure this too?'" Appellant told Allen not to tell anyone about the incident. Allen left in appellant's car and did not return.

At trial, Jan L. Hundley (Hundley), a licensed clinical

2

nurse specialist in child and adolescent psychiatry, testified that she had known Allen since 1993. She was not qualified as an expert witness. The trial court allowed Hundley to testify regarding her "observations" only. Hundley testified regarding her observations of Allen's emotional state and demeanor: "He was ashamed, he hung his head, he would not speak above a whisper. . . . At times he cried uncontrollably . . . . At times he was shaking."

After the close of all the evidence, the court stated:

> It has been said and resaid the issue is indeed one of credibility. The Court is the trier of fact. It has heard the evidence. It has had the opportunity to observe the witnesses, their manner and appearance on the stand, their intelligence, their opportunity and their positions in the matter to have observed the things about which they've testified, their interest in the outcome of the case, their bias or prejudice, if any, their prior statements, consistent or inconsistent, whether they have knowingly testified untruthfully as to any material fact.

> The Court applies as the trier of facts its common sense to those circumstances and all of the circumstances determined from the evidence. And when so doing, in consideration of the two charges before it, the Court is of the opinion that the evidence beyond a reasonable doubt supports the conviction of the defendant of both charges. . . . And the Court does so find the defendant guilty as charged. . . .

I.

Appellant's claim that the evidence was insufficient to establish that he maintained a "custodial or supervisory

3

relationship" with Allen on April 18, 1995 is procedurally barred.  As this Court's review is limited to the record on appeal, appellant's failure to transcribe his motion to strike and closing argument prevents review in this case.  See Justis v. Young, 202 Va. 631, 632, 119 S.E.2d 255, 256-57 (1961).  Without a complete transcript that includes the argument, this Court has no knowledge of the arguments made by appellant to the trial court.  We will not consider on appeal an argument that was not presented to the trial court where the record reflects no reason to invoke the good cause or ends of justice exceptions to Rule 5A:18.  See Buck v. Commonwealth, 247 Va. 449, 452-53, 443 S.E.2d 414, 416 (1994); Jacques v. Commonwealth, 12 Va. App. 591, 593, 405 S.E.2d 630, 631 (1991) (citing Rule 5A:18).

## II.

"The admissibility of evidence is within the broad discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion."  Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988).  "[I]n a bench trial, the trial judge is presumed to disregard prejudicial or inadmissible evidence . . . ."  Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc) (citations omitted).  "'Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case.'"  Taylor v. Commonwealth, 21 Va. App. 557, 563, 466 S.E.2d 118, 121 (1996) (quoting Ragland v. Commonwealth,

4

16 Va. App. 913, 918, 434 S.E.2d 675, 678 (1993)).  "'Once evidence is determined to be relevant and material, "[t]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court," and its decision "will not be disturbed on appeal in the absence of a clear abuse."'"  Id. (quoting Wilkins v. Commonwealth, 18 Va. App. 293, 298, 443 S.E.2d 440, 443 (1994) (en banc) (citation omitted)).

Lay witnesses may testify regarding observations they have made about the physical condition of a person with whom they are familiar.  See Speller v. Commonwealth, 2 Va. App. 437, 441, 345 S.E.2d 542, 545 (1986).  Hundley had counseled Allen since August 1993 and was familiar with his personality traits.  Her observations about his demeanor after April 18, 1995 were relevant circumstantial evidence that corroborated the offense. See Taylor, 21 Va. App. at 565, 466 S.E.2d at 121–22.  In the instant case, the trial court did not permit Hundley to state any professional diagnosis, and properly limited her testimony to observations that could have been made by a lay person.

Moreover, this was a bench trial.  "A judge . . . is uniquely suited by training, experience and judicial discipline to disregard potentially prejudicial comments and to separate, during the mental process of adjudication, the admissible from the inadmissible, even though he has heard both."  Eckhart v. Commonwealth, 222 Va. 213, 216, 279 S.E.2d 155, 157 (1981).

5

"Consequently, we presume that" the trial judge disregarded "any prejudicial or inadmissible evidence." Cole v. Commonwealth, 16

Va. App. 113, 116, 428 S.E.2d 303, 305 (1993).  Finding no reversible error, we affirm.

<u>Affirmed.</u>