COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Annunziata and Overton


LLEWELLYN J. EVANS, JR.
                                        MEMORANDUM OPINION[*]
v.   Record No. 2281-96-4                 PER CURIAM
                                         APRIL 1, 1997
KATHLEEN MCCONNELL EVANS


              FROM THE CIRCUIT COURT OF FAUQUIER COUNTY
                   William Shore Robertson, Judge

              (Julia S. Savage; Jeanette A. Irby; Walker,
              Jones, Lawrence, Duggan & Savage, on briefs),
              for appellant.

              (Burke F. McCahill; Hanes, Sevila, Saunders &
              McCahill, on brief), for appellee.



        Llewellyn J. Evans, Jr. (father) appeals the decision of the

circuit court setting visitation and deciding other issues.

Kathleen McConnell Evans (mother) was awarded legal and physical

custody of the parties' two children.  Father contends that the

trial court (1) abused its discretion in denying his motion for a

continuance due to his counsel's ill health; (2) erred in

permitting the testimony of mother's expert witness; (3) erred in

denying father's request for having the use during trial of

discovery supplemented under Rule 4:1 of the Rules of the Supreme

Court of Virginia; (4) abused its discretion by not allowing

father meaningful visitation with the minor children; (5) abused

its discretion by denying father's request for joint legal

        [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

custody; and (6) erred in limiting father's visitation in the absence of evidence that he was unfit. Upon reviewing the record and briefs of the parties, we conclude that this appeal is without merit. Accordingly, we summarily affirm the decision of the trial court. Rule 5A:27.

"Where, as here, the court hears the evidence ore tenus, its finding is entitled to great weight and will not be disturbed on appeal unless plainly wrong or without evidence to support it." Martin v. Pittsylvania County Dep't of Soc. Servs., 3 Va. App. 15, 20, 348 S.E.2d 13, 16 (1986). The trial court, as the finder of fact, was entitled to determine "[t]he weight which should be given to evidence and whether the testimony of a witness is credible . . . ." Bridgeman v. Commonwealth, 3 Va. App. 523, 528, 351 S.E.2d 598, 601 (1986).

### I.

"The decision whether to grant a continuance is a matter within the sound discretion of the trial court. Abuse of discretion and prejudice to the complaining party are essential to reversal." Venable v. Venable, 2 Va. App. 178, 181, 342 S.E.2d 646, 648 (1986). The record demonstrates that mother's bill of complaint was filed in March 1994. In January 1995, the trial was set for October 1995. The court ordered an initial discovery cut-off date of January 27, 1995, which subsequently was extended to September 22, 1995. Father filed several motions seeking to continue the trial and to extend the discovery period.

2

When father again moved for a continuance on October 17, 1995,

the court denied the request, finding that

> this is the third request for a continuance
> of the trial dates and that the prior
> requests have been denied, that [father's]
> counsel is ill requiring the substitution of
> counsel, but said counsel was advised on June
> 20, 1995, that there would be no continuance
> of the trial date; that this case has been
> scheduled for a hearing since approximately
> January of 1995 and the trial date has been
> continued previously at the request of the
> [father]; that this judge would have to hear
> the evidence in this case and may not have
> any available dates for at least nine months
> to a year to devote to this case if it was to
> be continued; that a continuance will
> exacerbate the difficulties experienced by
> the parties and the children in this case and
> would not be in the best interest of the
> children . . . .

The court succinctly detailed why it denied the continuance, including its determination that a continuance would not be in the children's best interests. The record amply supports the court's findings. While father cites Mills v. Mills, 232 Va. 94, 348 S.E.2d 250 (1986), to support his assertion that the trial court abused its discretion by denying a continuance, the facts of this case are significantly distinguishable from those of Mills, in which a party found herself without counsel with less than one day's notice. Therefore, we find no abuse of discretion in the court's decision.

II.

Father raises two objections to the testimony of mother's witness, Dr. Bixler, who was accepted by the parties as an expert

3

in the field of clinical psychology.  Father contends that Dr. Bixler's opinion testimony of father's mental state was inadmissible and that the court allowed inadmissible hearsay when it allowed Dr. Bixler to read his notes from his sessions with mother.  We find no error.

Father contends the court should not have allowed Dr. Bixler to render an opinion concerning father's personality.  Dr. Bixler testified that he met separately with mother twenty-five times and father four times.  Dr. Bixler testified about his "diagnostic impression," rather than his diagnosis, of father based upon these counseling sessions.[1]  "Evidence is relevant if it has any logical tendency, however slight, to establish a fact at issue in the case."  "Once evidence is determined to be relevant and material, '[t]he responsibility for balancing . . . probative value and prejudice rests in the sound discretion of the trial court,' and its decision 'will not be disturbed on appeal in the absence of a clear abuse.'" Taylor v. Commonwealth, 21 Va. App. 557, 563, 466 S.E.2d 118, 121 (1996) (citations omitted).  The court noted that the mental condition of the parents was at issue in the trial and Dr. Bixler's testimony was relevant to the question of father's mental condition.  Father's challenge to Dr. Bixler's testimony

---

[1]We note that father's disavowal of any patient/doctor relation with Dr. Bixler conflicts with the position taken by father at trial that father's comments to Dr. Bixler were protected by a patient/doctor privilege.  Father has not pursued that issue on appeal.

goes to the weight to be afforded Dr. Bixler's opinion, not to its admissibility. We find no indication the court abused its discretion by allowing the testimony.

Father also contends that the admission of mother's comments to Dr. Bixler, which were read into evidence through Dr. Bixler's notes, was inadmissible hearsay. The comments were admitted into evidence as the basis for the doctor's opinion, not for the truth of the comments. Therefore, the comments were not hearsay. See Hanson v. Commonwealth, 14 Va. App. 173, 187, 416 S.E.2d 14, 22 (1992). Accordingly, in light of the legitimate limited basis for admission, we hold that the probative value of Dr. Bixler's notes outweighs any incidental prejudice to appellant, particularly where, as here, the trial judge in a bench trial is presumed to disregard prejudicial or even inadmissible evidence. See Hall v. Commonwealth, 14 Va. App. 892, 902, 421 S.E.2d 455, 462 (1992) (en banc).

                                III.

Father contends that the trial court erred by denying him the ability to use at trial discovery supplemented under Rule 4:1. We find no error. The grant or denial of discovery is a matter within the discretion of the trial court and its decision will be reversed only if the action taken was an abuse of that discretion. See Rakes v. Fulcher, 210 Va. 542, 546, 172 S.E.2d 751, 755 (1970).

The record is clear that father's new counsel felt

5

constrained by the court's refusal to grant a continuance of the trial or to allow additional discovery. Counsel indicated that there were additional items which she felt were necessary to prove father's case. However, as noted by the court, previous counsel signed the order setting the September 1995 discovery cut-off date. In addition, the court noted that

> simply because new counsel has been -- come into the case does not alter the fact that your client had the benefit of former counsel's service with respect to this matter, his choices, his tactics, the procedures he followed. And that's borne out by this record. Look at the number of appearances that [former counsel] made before the Court. Look at the number -- number of times that the Court sat down with counsel on discovery issues and addressed the responses made or not made. That has been focused on and on a hands-on way throughout this proceeding.

The court also noted that it "provided seven months for this process to work its way and there's nothing to show me that [former counsel] wasn't fully capable of doing this work as I've indicated because he has made enumerable appearances with us."

While substitute counsel may have encountered unexpected problems related to the condition of the case's files, we cannot say that the court's refusal to extend its discovery cut-off or to allow the use of supplementary documents denied father due process of law. Father had considerable time to conduct discovery.

Moreover, while father points to the exclusion of two letters which he asserts prejudiced him, related testimony was

6

received into evidence.  Father does not establish with any specificity how the exhibits would have affected the court's decision or led to a different result.

Father has not demonstrated that the court's discovery ruling was an abuse of discretion or that it prevented him from receiving a fair trial.

IV.

"In matters concerning custody and visitation, the welfare and best interests of the child are the 'primary, paramount, and controlling consideration[s].'" Kogon v. Ulerick, 12 Va. App. 595, 596, 405 S.E.2d 441, 442 (1991) (citation omitted). The trial court is vested with broad discretion to make the decisions necessary to safeguard and promote the child's best interests, and its decision will not be set aside unless plainly wrong or without evidence to support it. Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990).

Father contends he was denied meaningful visitation because the schedule does not provide for him to have the children on any school night. He also contends that there was no evidence that school night visitation was disruptive to the children's schedule. However, both parents testified that Mondays following father's visitation were sometimes difficult days for the younger child, although father believed any agitation was related merely to school. The child's teacher noted that the younger child sometimes seemed tired and confused on Mondays. Testimony also indicated that confusion existed over the older child's eating and insulin shots, which were necessary to control her diabetes.

Evidence showed that the children's best interests and well-being were not promoted by school night visitation with father. The trial court's visitation decision was made with the children's best interests as the primary focus, and was based

8

upon evidence heard <u>ore</u> <u>tenus</u>. Father has not demonstrated that the court's decision constituted an abuse of discretion.

V.

In its letter opinion, the trial court cited the statutory factors set out in Code § 20-124.3, and particularly factor (6).[2] The court noted:

> The evidence establishes that both [father and mother] have attributes which given the alternative would make them qualifiedly fit custodians of their children. However, despite their assurances of cooperation, the the [sic] record before the Court including the vigor and manner in which this case was litigated regrettably convinces the Court that the parties could not presently share the joint responsibility for the care and control of their children and make joint decisions concerning them.

The court's determination was based upon the statute and the evidence heard <u>ore</u> <u>tenus</u>, and its assessment of the credibility of the parties and witnesses will not be disturbed on appeal. The record supports the court's assessment of the parties' ability to make joint decisions regarding the children. <u>See</u> <u>Department of Soc. Servs. ex rel. Ewing v. Ewing</u>, 22 Va. App. 466, 473-74, 470 S.E.2d 608, 612 (1996). Therefore, as the court's decision to award mother sole legal custody was grounded in its concern for the children's best interests and was supported by the evidence, we find no abuse of discretion in the court's refusal to award joint legal custody.

_____

[2]While the court cited "Section 20-124.3G," it is apparent the court was referring to § 20-124.3(6).

VI.

Father contends that the court erred in limiting his visitation in the absence of evidence that he was unfit. Yet, father makes no argument on this point. We therefore do not address it. See Buchanan v. Buchanan, 14 Va. App. 53, 56, 415 S.E.2d 237, 239 (1992) ("Statements unsupported by argument, authority, or citations to the record do not merit appellate consideration. We will not search the record for errors in order to interpret appellant's contention and correct deficiencies in a brief.").

Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.