COURT OF APPEALS OF VIRGINIA


Present:  Judges Bray, Overton and Senior Judge Duff
Argued at Alexandria, Virginia


CHANG HE ZHEN

                                        MEMORANDUM OPINION[*] BY
v.          Record No. 2470-97-4        JUDGE NELSON T. OVERTON
                                            OCTOBER 6, 1998
COMMONWEALTH OF VIRGINIA


              FROM THE CIRCUIT COURT OF ARLINGTON COUNTY
                     William L. Winston, Judge

          Herman M. Sawyer, Jr., for appellant.

          H. Elizabeth Shaffer, Assistant Attorney
          General (Mark L. Earley, Attorney General, on
          brief), for appellee.



     Chang He Zhen (defendant) appeals his convictions for credit

card number fraud, in violation of Code § 18.2-195, credit card

forgery, in violation of Code § 18.2-193, and credit card theft,

in violation of Code § 18.2-192.  He contends the trial court

erroneously admitted evidence of (1) pictures of fifty blank

credit cards and (2) information that the United States Secret

Service helped identify the cards and were investigating them.

Because we hold that admitting these facts into evidence was not

reversible error, we affirm.

     The parties are fully conversant with the record in the case

and because this memorandum opinion carries no precedental value,

no recitation of the facts is necessary.

     "The admissibility of evidence is within the broad

---

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

discretion of the trial court, and a ruling will not be disturbed on appeal in the absence of an abuse of discretion." Blain v. Commonwealth, 7 Va. App. 10, 16, 371 S.E.2d 838, 842 (1988). Evidence is relevant and initially admissible "if it has any logical tendency, however slight, to establish a fact at issue in the case." Taylor v. Commonwealth, 21 Va. App. 557, 563, 466 S.E.2d 118, 121 (1996).

Defendant fraudulently obtained goods with a credit card bearing his name and a stolen number. In order to show that such a card could exist, the prosecution needed to prove that blank cards, cards which do not yet bear numbers but can be manufactured to bear a stolen number, were possessed by defendant. Because the cards helped establish the means by which the fraud was perpetrated, information about them was relevant and admissible.

Defendant claims the pictures of the cards were inadmissible because they were evidence of other crimes. He cites the rule of Kirkpatrick v. Commonwealth, 211 Va. 269, 272, 176 S.E.2d 802, 805 (1970), which is as follows:

> The general rule is well established that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged in the indictment, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged. It is also well established that evidence of other offenses should be excluded if offered merely for the purpose of showing that the accused was likely to commit the crime charged in the

indictment.

While defendant has stated the rule, he fails to persuade us the blank cards are governed by it.  The cards were offered by the prosecution to show that defendant committed the crime for which he was being tried, not "other crimes and offenses at other times."  Id.  If these cards were used in past, previously unconnected crimes, defendant himself is the only one alleging it.  Accordingly, the trial court did not err by admitting pictures of the cards into evidence.

Defendant also claims that statements made by Officer Campbell regarding his use of Secret Service facilities were inadmissible.  Officer Campbell made two separate statements regarding the Secret Service.  The first was that he used a Secret Service "decoder" to read the "mag strips" on the backs of the cards and a Secret Service camera to photograph them.  This was done so that he could identify the cards and discover what numbers were encoded, if any.

When a picture has "been properly authenticated by a qualified witness as a correct representation and reproduction of the object which it portrayed, its admission in evidence [is] unobjectionable."  State Farm Ins. Co. v. Futrell, 209 Va. 266, 271, 163 S.E.2d 181, 185 (1968) (citing Lawson v. Darter, 157 Va. 284, 160 S.E. 74 (1931)).  Officer Campbell was simply describing the course of investigation and his basis for authenticating the pictures of the blank credit cards.  His testimony on this point

was necessary for admission of the cards, and it was not error to accept it.

The second statement made by Officer Campbell was that "[t]hese credit cards were also being sought after by the Secret Service in an investigation . . . ." While defendant objected to the statement, the trial court admitted it into evidence. This was error. The fact that another law enforcement agency was concurrently investigating a crime did not "establish a fact at issue in the case." Taylor, 21 Va. App. at 563, 466 S.E.2d at 121. It was, therefore, irrelevant.

Admission of the statement was not, however, reversible error. "In Virginia, non-constitutional error is harmless '[w]hen it plainly appears from the record and the evidence given at the trial that the parties have had a fair trial on the merits and substantial justice has been reached.'" Lavinder v. Commonwealth, 12 Va. App. 1003, 1005, 407 S.E.2d 910, 911 (1991) (en banc) (quoting Code § 8.01-678)).

> We must reverse a criminal conviction unless it plainly appears from the record and the evidence given at the trial that the error did not affect the verdict. An error does not affect the verdict if we can determine, without usurping the jury's fact finding function, that, had the error not occurred, the verdict would have been the same.

Weller v. Commonwealth, 16 Va. App. 886, 896, 434 S.E.2d 330, 337 (1993) (internal quotations and citations omitted).

The prosecution's evidence against this defendant was overwhelming. Numerous credit cards and drivers' licenses were

found with defendant's possessions.  Some of these bore his picture but other names.  Others bore different names but his signature.  He was identified by the store owner as the purchaser of the fraudulently obtained goods, and those goods were found in a truck he had recently occupied.  We cannot conclude that Officer Campbell's statement regarding the Secret Service investigation would have had any effect whatsoever on the outcome of defendant's trial.  Therefore, the error was harmless.

Because evidence regarding the credit cards was admissible and Officer Campbell's testimony was, at worst, harmless, we hold that there was no reversible error committed in the trial court.  Accordingly, defendant's convictions are affirmed.

<u>Affirmed.</u>