COURT OF APPEALS OF VIRGINIA


Present: Judges Annunziata, Bumgardner and Frank
Argued at Salem, Virginia


DALLAS MONROE BAUGUESS, S/K/A
 DALLAS MONROE BAUGESS
                                   MEMORANDUM OPINION* BY
v.   Record No. 0585-00-3        JUDGE ROSEMARIE ANNUNZIATA
                                        FEBRUARY 13, 2001
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF DANVILLE
                      James F. Ingram, Judge

            S. Jane Chittom, Appellate Defender (Elwood
            Earl Sanders, Jr.; Public Defender
            Commission, on brief), for appellant.

            Virginia B. Theisen, Assistant Attorney
            General (Mark L. Earley, Attorney General, on
            brief), for appellee.


     Appellant, Dallas Monroe Bauguess, was convicted in a bench

trial for driving after being adjudged an habitual offender,

second offense, in violation of Code § 46.2-357 and driving

while intoxicated, fourth offense, in violation of Code

§ 18.2-266.  He was sentenced to serve two years in prison on

each charge.  He contends on appeal that, because the evidence

placed him in the driver's seat of a stationary vehicle with the

ignition engaged, the trial court erred in denying the motion to

strike the Commonwealth's evidence in support of both charges.

For the reasons stated in this opinion, we affirm.

_____

     * Pursuant to Code § 17.1-413, this opinion is not
designated for publication.

On appeal we view the evidence in the light most favorable to the Commonwealth, the party prevailing below, together with all reasonable inferences that may be drawn from such evidence. Cressell v. Commonwealth, 32 Va. App. 744, 763-64, 531 S.E.2d 1, 10 (2000). On August 27, 1999, Officer William Chaney of the Danville Police Department observed Bauguess sitting behind the wheel of a motor vehicle in a roadway, at a stop sign on Edmonds Street, in the City of Danville. Chaney knew that Bauguess was prohibited from driving, so he stationed his patrol car parallel to Bauguess' vehicle and asked him to turn off the ignition; Bauguess complied. The vehicle was also occupied by another individual sitting in the front passenger seat. After Chaney parked his patrol car behind Bauguess' vehicle, he approached the driver's window. Chaney smelled alcohol on Bauguess, and discerned that his eyes were bloodshot and that he was unsteady on his feet.

After Bauguess performed field sobriety tests unsatisfactorily, Chaney arrested Bauguess and administered a breath test at 11:50 p.m. The latter test revealed that Bauguess' blood alcohol content exceeded the legal limit of .08%. Bauguess denied he was intoxicated, stating variously that he only had drunk one beer seven hours earlier and that he had had two 32-ounce malt liquors since 4:40 p.m. on the date in question. His motions to strike the evidence on the ground that the vehicle was stationary and remained stationary were made

-

after the Commonwealth's case-in-chief and after all the evidence was submitted and were both denied.

ANALYSIS

Procedural Default

In order to preserve an issue of sufficiency of the evidence in a bench trial, the defendant must move to strike the evidence at the conclusion of all the evidence, make a specific argument in his summation to the court, or present a specific and timely motion to set aside the verdict. Rule 5A:18; Campbell v. Commonwealth, 12 Va. App. 476, 478-81, 405 S.E.2d 1, 1-3 (1991) (en banc); McGee v. Commonwealth, 4 Va. App. 317, 321-22, 357 S.E.2d 738, 739-40 (1987). The same grounds in support of a claim of insufficiency must be presented to the trial court and appellate court. Taylor v. Commonwealth, 21 Va. App. 557, 565-66, 466 S.E.2d 118, 122 (1996).

In the instant case, Bauguess made a motion to strike the evidence following the close of the Commonwealth's case-in-chief. He argued that the Commonwealth failed to establish a prima facie case for both offenses on the ground that the officer testified that Bauguess' vehicle was stationary and that he did not witness Bauguess turn off the ignition. Bauguess then testified. At the conclusion of all the evidence, Bauguess renewed his motion to strike, making the following argument:

-

> Again, the question is, from the officer . . . the conflict in the evidence as to whether the car was running or not running . . . the officer indicates he felt that it was, and that my client was behind the wheel.  My client indicates at the time, the keys weren't even in the car. . . . [I]f you choose to believe [the officer], does his description of what he saw, <u>for purposes of an habitual offender operation of a vehicle</u>, rise to the statutory level in the case law?  I concede that for purposes of the DUI, it very well may, but at the moment my mind draws a blank as to whether it really rises, for purposes of habitual offender charges.

(Emphasis added).  Bauguess failed to raise before the trial court the argument he makes here.  Specifically, he did not argue that to convict him of violating Code § 46.2-357, the Commonwealth was required to prove that he was "driving" or "moving the vehicle down the highway by its own power," because when the legislature recodified the habitual offender statute in 1989, it substituted the word "drive" for the word "operate." We therefore find the issue was not properly preserved for appeal.  Rule 5A:18.

We further find that the "ends of justice" exception to the requirement under Rule 5A:18 that a proper objection be made to a claimed error at the trial level does not apply.  "[T]he ends of justice exception is narrow and is to be used sparingly . . . ."  <u>Brown v. Commonwealth</u>, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  The exception applies only "when the record affirmatively shows that a miscarriage of justice has occurred,

-

not when it merely shows that a miscarriage _might_ have occurred."  Mounce v. Commonwealth, 4 Va. App. 433, 436, 357 S.E.2d 742, 744 (1987) (emphasis in original).

Even under Bauguess' claimed construction of Code § 46.2-357 and its use of the term "drive" rather than "operate," it is clear his conduct was in violation of the statute.  When Officer Chaney encountered Bauguess, he was behind the wheel of a vehicle stopped in the roadway at the intersection of two streets, at a stop sign, with the motor running.  When Officer Chaney asked Bauguess to turn off the car engine, he did so.  From this evidence, the fact finder reasonably could conclude that Bauguess drove the vehicle to that location.  Lyons v. City of Petersburg, 221 Va. 10, 12-13, 266 S.E.2d 880, 881-82 (1980); Propst v. Commonwealth, 24 Va. App. 791, 793, 485 S.E.2d 657, 659 (1997).

Finally, Bauguess conceded during argument at trial that the evidence was sufficient to prove the driving while intoxicated charge; therefore, he did not preserve this issue for appeal.  Cottee v. Commonwealth, 31 Va. App. 546, 559-60, 525 S.E.2d 25, 31-32 (2000) (appellate review barred where defendant conceded issue at trial level); Lester v. Commonwealth, 30 Va. App. 495, 506, 518 S.E.2d 318, 323 (1999). His convictions are affirmed.

Affirmed.