**Salem**

KELLY LEE SAUER, SR.

v.

FRANKLIN COUNTY DEPARTMENT OF SOCIAL SERVICES

No. 1195-93-3

Decided August 2, 1994

COUNSEL

Timothy W. Allen, for appellant.

Sarah A. Rice (Davis, Davis, Davis & Rice on brief), for appellee.

Opinion

**KOONTZ, J.**—Kelly Lee Sauer, Sr. (Mr. Sauer) appeals an order of the Circuit Court of Franklin County terminating his parental rights with respect to his two minor children. Mr. Sauer contends that the Department of Social Services for Franklin County (the Department) gave inadequate consideration to placing the children in his mother's custody as a reasonable alternative to the termination of his parental rights. Finding that the Department made no inquiry into this alternative, we agree and reverse the order of the Circuit Court.

Mr. Sauer is the father of Mary Ann Sauer (Mary Ann), presently age five, and Kelly Lee Sauer, Jr. (Kelly), presently age four. Mr. Sauer is mentally handicapped. Tammy Sauer (Mrs. Sauer), mother of Mary Ann and Kelly, is also mentally handicapped. Mabel Harden, Mrs. Sauer's mother, formerly shared a house trailer with her daughter and son-in-law and assisted in caring for her grandchildren. Harden is also mentally handicapped.[1]

Mary Ann was first removed from the Sauer-Harden home as an infant. Apparently, the parents had not been able to comprehend feeding instructions given by their pediatrician and as a result the child suffered from malnutrition and "failure to thrive" syndrome. A mental health evaluation following the initial removal of Mary Ann from the Sauer-Harden home indicated that Mr. Sauer would not be able to meet the demands and responsibilities of caring for a child.

Kelly was removed from the Sauer-Harden home when he was four days old. The Department determined that he had been kept in "deplorable" conditions and subjected to overfeeding. According to Elizabeth Edwards (Edwards), an employee of the Department during the three years prior to the removal of the children, the Department had worked intensely with the Sauers, providing homemaking services and attempting to teach and instill parenting skills in the couple. Edwards continued to work with both parents after the removal of the children and after the couple separated.

Foster care plans prepared by the Department stated that extensive social work efforts had failed to improve the Sauers'

---

[1] Mrs. Sauer's parental rights were terminated in the same proceeding. She is not a party to this appeal.

parenting skills and that the Department had been unable to identify any appropriate relative to take custody of the children. Current evaluations of Mary Ann and Kelly suggest that they still suffer from the effects of the prior neglect, are making progress in foster care, but would quickly decline if returned to a non-nurturing environment. Mr. Sauer has separated from his wife and now lives with his mother (the grandmother). The foster care plans did not evaluate the home of the grandmother as a possible placement for the children.

■ Code § 16.1-283(A) provides, in pertinent part, that before terminating parental rights, "the court shall give a consideration to granting custody to relatives of the child, including grandparents." This Court has held that termination of parental rights is considered a grave proceeding and other remedies should be sought when available. *Edwards v. County of Arlington*, 5 Va. App. 294, 313, 361 S.E.2d 644, 654 (1987) (quoting *Knox v. Lynchburg Div. of Social Servs.*, 223 Va. 213, 223, 288 S.E.2d 399, 404 (1982)). Before termination of parental rights by the court, the agency seeking termination has an affirmative duty to investigate all reasonable options for placement with immediate relatives. Code § 16.1-283(A); *Logan v. Fairfax County Dep't of Human Dev.*, 13 Va. App. 123, 131, 409 S.E.2d 460, 464 (1991). The agency seeking termination has the burden to show that no reasonable alternatives exist; relatives who may be considered as alternatives have no duty to present themselves as such. *Weaver v. Roanoke Dep't of Human Resources*, 220 Va. 921, 927, 265 S.E.2d 692, 695 (1980).

In the present case, the Department failed to exhaust its potential viable alternatives for placement of the children with a relative. The record clearly indicates that the Department failed to investigate the grandmother's home despite the fact that Mr. Sauer, one of the natural parents, resides there. Because Mr. Sauer now resides with his mother and the trial court is required by Code § 16.1-283(A) to consider placement with relatives as an option to termination of parental rights, the Department had a duty to investigate the grandmother's home as a potential placement for the children.

We do not suggest that the Department has a duty in every case to investigate the home of every relative of the children, however remote, as a potential placement. However, a grandparent

with whom a parent resides is obviously a potential option for placement of the children contemplated by Code § 16.1-283(A), before resorting to the extreme measure of terminating ties between a parent and child. That the grandmother did not present herself to the Department or the trial court as an alternative placement for the children to the termination of Mr. Sauer's parental rights is not material. The Department had the duty to investigate her for that purpose; she did not have a duty to present herself as an alternative.

This case is factually distinguished from *Logan*. In *Logan*, the Department of Human Resources presented evidence at trial that the condition of a grandmother's home and her lifestyle were not suitable for children. 13 Va. App at 128, 409 S.E.2d at 465. Here, the Department did not investigate the condition of the grandmother's home even when visiting Mr. Sauer. Consequently, the Department failed to present evidence at trial concerning the suitability of the grandmother's home as an alternative placement for the children.

For the foregoing reasons, we reverse the order of the Circuit Court and remand with instructions to order a review of the grandmother's home as an alternative placement for the children.

*Reversed and remanded.*

Coleman, J., and Elder, J., concurred.