COURT OF APPEALS OF VIRGINIA

Present:  Judges Coleman, Bray and Bumgardner
Argued at Norfolk, Virginia


PHYLLIS FULLER

                                    MEMORANDUM OPINION[*] BY
v.          Record No. 2610-97-1      JUDGE SAM W. COLEMAN III
                                          JULY 7, 1998
CITY OF VIRGINIA BEACH
 DEPARTMENT OF SOCIAL SERVICES


        FROM THE CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH
                  Alan E. Rosenblatt, Judge

        Curtis T. Brown for appellant.

        (Leslie L. Lilley, City Attorney; Nianza E.
        Wallace II, Assistant City Attorney, on
        brief), for appellee.


     Phyllis Fuller (mother) appeals the trial court's order

terminating her residual parental rights with respect to five of

her minor children.  Mother contends:  (1) the City of Virginia

Beach Department of Social Services (agency) did not adequately

investigate the possibility of granting custody of the children

to relatives, and (2) the trial court erred in finding that three

of the children had not reached an "age of discretion" to object

to the termination of mother's parental rights.[1]  Finding no

error, we affirm the trial court's ruling.

_____

     [*]Pursuant to Code § 17-116.010 this opinion is not
designated for publication.

     [1]Mother also contends the agency failed to make reasonable
efforts to provide her with medical and financial assistance.
She did not make this claim in the trial court in arguing her
motions to strike the evidence.  See Rule 5A:18; Taylor v.
Commonwealth, 21 Va. App. 557, 565-66, 466 S.E.2d 118, 122
(1996).  Because the record does not reflect any reason to invoke
the good cause or ends of justice exceptions, Rule 5A:18
precludes our review of this argument on appeal.

When reviewing the trial court's termination of parental rights on appeal, we view the evidence in the light most favorable to the prevailing party below, the agency in this case. See Logan v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991). Where the evidence is heard ore tenus, we will not disturb the trial court's judgment unless it is plainly wrong or without evidence to support it. See Lowe v. Dep't of Public Welfare, 231 Va. 277, 282, 343 S.E.2d 70, 73 (1986).

## PLACEMENT OF CHILDREN WITH RELATIVES

Code § 16.1-283(A) provides, in pertinent part, that before terminating parental rights the court "shall give consideration to granting custody to relatives of the child, including grandparents." "Before termination of parental rights by the court, the agency seeking termination has an affirmative duty to investigate all reasonable options for placement with immediate relatives." Sauer v. Franklin County Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994). However, the agency is not required to investigate the home of every relative as a potential placement for the children. See id. at 771, 446 S.E.2d at 642.

Here, the evidence established that the agency investigated, and ultimately rejected, the homes of the children's father and aunt for potential placement. Both the mother and the aunt told the social worker assigned to mother's case that no other

relatives were interested in taking custody of the children. Under these circumstances, the agency fulfilled its duty to investigate immediate relatives as possible sources for placement of the children in accordance with Code § 16.1-283(A).

AGE OF DISCRETION

Code § 16.1-283(E) states that "residual parental rights shall not be terminated if it is established that the child, if he is at least fourteen years of age or older[,] <u>or otherwise of an age of discretion as determined by the court</u>, objects to such termination." (Emphasis added). A child has reached the age of discretion if the evidence proves that he or she is "sufficiently mature to have intelligent views and wishes on the subject of the termination proceeding." <u>Hawks v. Dinwiddie Dep't of Soc. Servs.</u>, 25 Va. App. 247, 253, 487 S.E.2d 285, 288 (1997). The determination of whether the child has reached the "age of discretion" is committed to the sound discretion of the trial court. <u>Id.</u>; <u>Deahl v. Winchester Dep't of Soc. Servs.</u>, 224 Va. 664, 676, 299 S.E.2d 863, 869 (1983).

Mother claims the trial court erred in finding that three of her children had not reached an "age of discretion" to object to termination of her parental rights. We disagree. The trial court heard testimony from each of the three children and found "no evidence . . . which proves that any of [the children] are mature enough to have intelligent views of the subject of termination." Two of the children expressly indicated that they

did not understand the nature of the proceeding. When the third child was asked if she understood the purpose of the hearing, she merely responded "my mom . . . ain't do what she was supposed to do." On this record, we cannot say that the trial court abused the broad discretion accorded by the legislature to determine that the children had not attained the "age of discretion."

For the foregoing reasons, we affirm the trial court's termination of mother's residual parental rights.

<u>Affirmed.</u>