BUMGARDNER, Judge,
concurring, in part, and dissenting, in part.
I concur in the result reached by the majority, but I do not join in its opinion. In the second half of the opinion, the majority concludes that the trial court did consider placing the child with relatives and complied with all statutory requirements for terminating parental rights. I do not feel it is also necessary to address whether that consideration is a prerequisite to the termination decision.
The decision in Sauer v. Franklin County Dept. of Soc. Servs., 18 Va.App. 769, 446 S.E.2d 640 (1994), said a court must consider custody before deciding termination. However, the case limited itself to its unusual facts: the child, the parent (the father), and the relative (the grandmother) lived together in the grandmother’s house.
The statutory amendments since the Sauer decision clarify the procedural schema for termination. Code § 16.1-283(A) is a general overview, and broad termination considerations are now grouped into its first paragraph. Custody considerations now follow in a separate paragraph. The specific requirements for termination are defined in separate subsections that address each of the various factual situations that can arise. The need to consider granting custody to relatives is not an element of proof for any of those situations. The directive to consider relative placement now appears in the second paragraph of subsection (A), which only addresses custody considerations.
Code § 16.1-283(A) now clearly severs two general topics: termination and custody. Logic suggests that the issues be separated and addressed in progressive sequence. The fact that a relative might be a proper custodian cannot increase or decrease the probability that a parent is unfit. A court need *141 only address placement with a relative if it must sever the parental relationship. The amendments since Sauer make clear that consideration of placement with a relative is part of the custody decision, not a prerequisite to the termination decision.