COURT OF APPEALS OF VIRGINIA


Present: Judges Willis, Frank and Clements


MARVIN LEE CARMON
                                    MEMORANDUM OPINION*
v.   Record No. 0036-01-2               PER CURIAM
                                        MAY 8, 2001
RICHMOND DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                      Randall G. Johnson, Judge

            (Richard G. White, Jr., on brief), for appellant.

            (Evelyn B. Meese, Assistant City Attorney; Scott D.
            Cardani, guardian ad litem for the infant child, on
            brief), for appellee.


     Marvin Lee Carmon (father) appeals the decision of the

circuit court terminating his residual parental rights in his son,

Daizhon Carmon.  On appeal, father contends that the trial court

erred in finding that the Richmond Department of Social Services

(Department) investigated all reasonable options for placing

Daizhon with an immediate relative prior to terminating his

parental rights.  Father asks that the judgment of the trial court

be reversed and his parental rights restored.  Upon reviewing the

record and briefs of the parties, we conclude that this appeal is

without merit.  Accordingly, we summarily affirm the decision of

the trial court.  See Rule 5A:27.

_____

     * Pursuant to Code § 17.1-413, this opinion is not designated
for publication.

On appeal, we view the evidence and all the reasonable inferences in the light most favorable to appellee as the party prevailing below. See McGuire v. McGuire, 10 Va. App. 248, 250, 391 S.E.2d 344, 346 (1990).

## Background

Daizhon was placed in foster care in March 1996 when he was ten months old. Since that time he has resided with his prospective adoptive parents. Daizhon was born four months premature and spent ten months in the hospital. He continues to have serious medical conditions requiring specialized equipment and care. While Daizhon was hospitalized, his foster parents learned the skills necessary to operate the equipment and provide sufficient care. Father testified that during Daizhon's stay in the hospital he visited the child once and admitted that he did not acquire the skills necessary to care for Daizhon. Yolanda Guthrie, a hospital social worker, testified that she alerted father to the fact that she had contacted Child Protective Services and that she expected Daizhon to go into foster care.

Father admitted that he had not provided hospital personnel with the names of relatives who could provide care for Daizhon at the time he visited the child. Father was incarcerated in December 1996, and is serving a fifty-seven year sentence. Early in his incarceration, father spoke with his mother once about her caring for Daizhon. Later, through counsel, father provided the Department with the names of four relatives (two aunts, an uncle,

-

and his mother), as potential relative placements.  The Department
was unable to locate either aunt.  Father's uncle has disabilities
of his own and was unable to consider caring for Daizhon.
Father's mother is raising two of her grandchildren and stated
that she was unwilling to raise another.

The Department filed a petition to terminate father's
residual parental rights, alleging that he had failed to maintain
continuing contact with Daizhon and that he had been unwilling or
unable to substantially remedy the conditions which led to Daizhon
being placed in foster care.  Code § 16.1-283(C).  After the
juvenile and domestic relations district court heard the case,
father appealed to the circuit court.  On November 14, 2000, the
circuit court entered an order terminating father's residual
parental rights.

ANALYSIS

"When addressing matters concerning a child, including the
termination of a parent's residual parental rights, the
paramount consideration of a trial court is the child's best
interests."  Logan v. Fairfax County Dep't of Human Dev., 13 Va.
App. 123, 128, 409 S.E.2d 460, 463 (1991).

> "In matters of a child's welfare, trial courts
> are vested with broad discretion in making the
> decisions necessary to guard and to foster a
> child's best interests."  The trial court's
> judgment, "when based on evidence heard ore
> tenus, will not be disturbed on appeal unless
> plainly wrong or without evidence to support it."

Id. (citations omitted).

-

Father contends the trial court erred by finding that the Department satisfied its duty to explore potential relative placements for Daizhon prior to terminating his residual parental rights.

Code § 16.1-283(A) provides, in pertinent part, that before terminating parental rights, "the court shall give a consideration to granting custody to relatives of the child, including grandparents."  "Before termination of parental rights by the court, the agency seeking termination has an affirmative duty to investigate all reasonable options for placement with immediate relatives."  Sauer v. Franklin County Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994). However, the Department does not have a duty "to investigate the home of every relative of the children, however remote, as a potential placement."  Id.  The Department investigated several of father's relatives, all of whom were either unable or unwilling to serve as custodian of Daizhon.  Additionally, the Department found that the maternal relatives identified by Daizhon's mother were similarly unsuitable.

The record supports the trial court's finding that the Department investigated all reasonable options for placing Daizhon with a relative.  Accordingly, the decision of the circuit court is summarily affirmed.

Affirmed.

-