COURT OF APPEALS OF VIRGINIA

Present:   Judges McClanahan, Haley and Senior Judge Willis


ANGELA GOREE

MEMORANDUM OPINION[*]

v.       Record No. 0210-09-4                                      PER CURIAM
                                                                  JULY 21, 2009

CULPEPER COUNTY DEPARTMENT
  OF SOCIAL SERVICES


FROM THE CIRCUIT COURT OF CULPEPER COUNTY
John G. Berry, Judge

(Gilbert Harrison Berger; Berger Law Office, P.C., on brief), for
appellant.  Appellant submitting on brief.

(Robert F. Beard; Christian A. Brashear, Guardian *ad litem* for the
minor child, on brief), for appellee.  Appellee and Guardian *ad
litem* submitting on brief.


Angela Goree appeals the termination of her residual parental rights to her child, T.W.,

pursuant to Code § 16.1-283(C)(1) and (2).  She argues the trial court erred in finding the

Department of Social Services (the Department) made reasonable efforts to investigate

appropriate relative placements.  She also challenges the sufficiency of the evidence supporting

the termination of her parental rights under both subsections and argues the termination of her

parental rights is not in the best interests of her child.  Upon reviewing the record and briefs of

the parties, we affirm the decision of the trial court.

I.

On appeal, we view the evidence "in the light most favorable to the prevailing party

below and its evidence is afforded all reasonable inferences fairly deducible therefrom."  Logan

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991) (citation omitted). The Department "has an affirmative duty to investigate all reasonable options for placement with immediate relatives" before the termination of parental rights. Sauer v. Franklin County Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994); see Hawthorne v. Smyth County Dep't of Soc. Servs., 33 Va. App. 130, 139-40, 531 S.E.2d 639, 644 (2000).

Code § 16.1-283(A) provides that in a termination of parental rights case "the court shall give a consideration to granting custody to relatives of the child, including grandparents."

> [B]efore the court grants custody of a child, under the provisions of Code § 16.1-283(A) the Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options.

Logan, 13 Va. App. at 131, 409 S.E.2d at 465.

The duty to investigate is a rule of reason dependent upon the particular facts and circumstances of each individual case. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Here, the Department thoroughly investigated the maternal grandmother, whom the mother identified as a potential custodian for the child. The Department presented evidence supporting its determination that the maternal grandmother was not a suitable custodian for the child. Thus, the trial court considered evidence as to the suitability of placing the child with the maternal grandmother before it ordered the termination of mother's parental rights.

Mother identified no other relatives who may have been willing to take custody of the child. "It is well established in Virginia that a court will not compel 'a vain and useless undertaking.'" Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644 (citation omitted). "We do

not suggest that the Department has a duty in every case to investigate the home of every relative of the children, however remote, as a potential placement." Sauer, 18 Va. App. at 771, 446 S.E.2d at 642.

The maternal grandmother appeared at trial, and mother concedes that the evidence at trial indicated no substantive change in the relative's situation since the time the Department first investigated her as a possible relative placement in 2005. The grandmother acknowledged that she also cared for her mentally handicapped adult child, had chronic high blood pressure and heart murmurs. She stated her health had recently declined and that she was on medication for depression. She also admitted that caring for T.W. would "be a stiff burden for her."

Therefore, we find that the Department presented sufficient evidence for the trial court to consider the suitability of placing the child with relatives prior to terminating mother's parental rights.

II.

Pursuant to Code § 16.1-283(C)(1), a trial court may terminate the rights of a parent to a child upon clear and convincing evidence that the parent,

> without good cause, failed to maintain continuing contact with and to provide or substantially plan for the future of the child for a period of six months after the child's placement in foster care notwithstanding the reasonable and appropriate efforts of social, medical, mental health or other rehabilitative agencies to communicate with the parent . . . and to strengthen the parent-child relationship. Proof that the parent . . . ha[s] failed without good cause to communicate on a continuing and planned basis with the child for a period of six months shall constitute prima facie evidence of this condition[.]

Termination pursuant to Code § 16.1-283(C)(2) requires proof that the parent, "without good cause, ha[s] been unwilling or unable within a reasonable period of time not to exceed twelve months from the date the child was placed in foster care to remedy substantially the conditions

which led to or required continuation of the child's foster care placement," notwithstanding reasonable and appropriate efforts of service agencies.

When reviewing a decision to terminate parental rights, we presume the circuit court "'thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests.'" Toms v. Hanover Dep't of Soc. Servs., 46 Va. App. 257, 265-66, 616 S.E.2d 765, 769 (2005) (quoting Fields v. Dinwiddie County Dep't of Soc. Servs., 46 Va. App. 1, 7, 614 S.E.2d 656, 659 (2005)). "'The trial court's judgment, "when based on evidence heard *ore tenus*, will not be disturbed on appeal unless plainly wrong or without evidence to support it."'" Id. at 266, 616 S.E.2d at 769 (quoting Fields, 46 Va. App. at 7, 614 S.E.2d at 659 (other citation omitted)). "In its capacity as factfinder, therefore, the circuit court retains 'broad discretion in making the decisions necessary to guard and to foster a child's best interests.'" Id. (quoting Farley v. Farley, 9 Va. App. 326, 328, 387 S.E.2d 794, 795 (1990)).

T.W. was born on August 28, 1999 and first placed in foster care in August 2003. He was briefly returned to mother's care before she signed an entrustment agreement with the Department for the care of T.W. T.W. suffers from severe hearing loss, has physical disabilities, and has special education needs. His special needs required his placement outside the Commonwealth at a facility in Florida.

A foster care plan, prepared in April 2005, required mother to meet several goals including the completion of a child development class, a parenting class, obtaining stable employment, completion of a first aid class, completion of a sign language class, and completion of individual therapy. Despite the child's being in foster care for approximately four years, mother has failed to demonstrate she met any of these goals. In fact, mother failed to notify the Department when she moved and stated she could not meet the plan goals due to the needs of her other children.

Valerie Ward, foster care supervisor, testified that three home studies had been conducted and each resulted in a determination that mother's existing home at each time was an inappropriate placement. Ward explained the child had improved and made substantial progress in his current facility; he learned sign language and could bathe and walk without assistance. She emphasized that permanency and consistency would benefit the child and that making him available for adoption was in his best interests.

Mother had been offered services, such as transportation to meetings, and was allowed supervised visitation, which mother did not always attend. The Department was unable to provide services to mother when mother moved out of Virginia.

Mother admitted she was aware of the requirements imposed by the Department and stated she could not meet the goals due to the costs associated with them. She admitted she had five or six different residences since the implementation of the foster care plan in 2005 and was not currently employed. She acknowledged she had not seen the child since he was four years old.

Mother contends the evidence did not support a termination of her parental rights pursuant to Code § 16.1-283(C)(1), asserting her failure to maintain contact with her child or substantially plan for the future of the child was justified by good cause. She also contends the Department failed to make reasonable and appropriate efforts to provide her with services.

However, the evidence proved mother was aware of the conditions imposed in the foster care plan and the record demonstrates she made no efforts to fulfill any of the requirements. Her failure to fulfill the requirements was not based solely on her inability to pay for classes or services. Instead, she declined to make any effort to learn sign language in order to communicate with her son and did not avail herself of the services offered by the Department.

Mother failed to maintain contact with the Department, did not inform the Department of her various address changes, and did not attend all the arranged visitations. At the time of the 2008 termination hearing, mother had had no contact with T.W. for several years. Mother failed to demonstrate good cause for her lack of contact with T.W. or her failure to plan for his future.

"'Reasonable and appropriate' efforts can only be judged with reference to the circumstances of a particular case. Thus, a court must determine what constitutes reasonable and appropriate efforts given the facts before the court." Ferguson v. Stafford County Dep't of Soc. Servs., 14 Va. App. 333, 338, 417 S.E.2d 1, 4 (1992). "The law does not require the division to force its services upon an unwilling or disinterested parent." Barkey v. Commonwealth, 2 Va. App. 662, 670, 347 S.E.2d 188, 192 (1986). Mother did not maintain visitation with the child, and she failed to sustain contact with the Department or involve herself in planning for the child. Mother did not avail herself of the services offered by the Department. The record supports the court's conclusion that reasonable and appropriate efforts were made to communicate with mother and to strengthen the parent-child relationship.

### III.

In determining what is in the best interests of a child, this Court has stated:

> a court must evaluate and consider many factors, including the age and physical and mental condition of the child or children; the age and physical and mental condition of the parents; the relationship existing between each parent and each child; the needs of the child or children; the role which each parent has played, and will play in the future, in the upbringing and care of the child or children; and such other factors as are necessary in determining the best interests of the child or children.

Id. at 668, 347 S.E.2d at 191.

T.W. has improved dramatically in the facility where he has resided. Although mother claims she will be capable of providing a suitable home for T.W. and would have access to services in her residence in Maryland, she has demonstrated no ability to care for or even

communicate with her child. In this regard, mother's "'past actions . . . over a meaningful period serve as good indicators of what the future may be expected to hold.'" Winfield v. Urquhart, 25 Va. App. 688, 696-97, 492 S.E.2d 464, 467 (1997) (quoting Linkous v. Kingery, 10 Va. App. 45, 46, 390 S.E.2d 188, 194 (1990)).

We recognize that "'[t]he termination of [residual] parental rights is a grave, drastic and irreversible action.'" Helen W. v. Fairfax County Dep't of Human Dev., 12 Va. App. 877, 883, 407 S.E.2d 25, 28-29 (1991) (quoting Lowe v. Dep't of Public Welfare of Richmond, 231 Va. 277, 280, 343 S.E.2d 70, 72 (1986)). However, "[i]t is clearly not in the best interests of a child to spend a lengthy period of time waiting to find out when, or even if, a parent will be capable of resuming his responsibilities." Kaywood v. Halifax County Dep't of Soc. Servs., 10 Va. App. 535, 540, 394 S.E.2d 492, 495 (1990). The record supports the trial court's finding that the best interests of T.W. would be served by terminating mother's parental rights.

IV.

Mother also contends the trial court erred in terminating her residual parental rights pursuant to Code § 16.1-283(C)(2). Because we conclude the trial court's decision terminating mother's parental rights was warranted under Code § 16.1-283(C)(1), we need not reach this issue. When a trial court's judgment is made on alternative grounds, we need only consider whether any one of the alternatives is sufficient to sustain the judgment of the trial court and, if we so find, need not address the other grounds. See Fields, 46 Va. App. at 8, 614 S.E.2d at 659 (termination of parental rights upheld under one subsection of Code § 16.1-283 forecloses need to consider termination under alternative subsections).

Accordingly, the trial court's decision is affirmed.

Affirmed.