COURT OF APPEALS OF VIRGINIA


Present:    Judges Frank, Alston and Senior Judge Coleman


JONATHAN SEWARD
                                                    MEMORANDUM OPINION[*]
v.      Record No. 1551-09-2                             PER CURIAM
                                                    DECEMBER 22, 2009
MECKLENBURG COUNTY
  DEPARTMENT OF SOCIAL SERVICES


            FROM THE CIRCUIT COURT OF MECKLENBURG COUNTY
                          Leslie M. Osborn, Judge

            (Charles G. Butts, Jr.; Butts & Butts, on brief), for appellant.
            Appellant submitting on brief.

            (Melissa Fraser; Katherine Axson Keel, Guardian *ad litem* for the
            minor children; Gravitt & Gravitt, P.C., on brief), for appellee.
            Appellee and Guardian *ad litem* submitting on brief.


        Jonathan Seward (father) appeals the termination of his residual parental rights to his

children pursuant to Code § 16.1-283(C).  He argues the trial court erred in finding the

Department of Social Services (the Department) made reasonable efforts to investigate

appropriate relative placements.  Upon reviewing the record and briefs of the parties, we

conclude this appeal is without merit.

        On appeal, we view the evidence "in the light most favorable to the prevailing party

below and its evidence is afforded all reasonable inferences fairly deducible therefrom."  Logan

v. Fairfax County Dep't of Human Dev., 13 Va. App. 123, 128, 409 S.E.2d 460, 463 (1991)

(citation omitted).  The Department "has an affirmative duty to investigate all *reasonable* options

for placement with immediate relatives" before the termination of parental rights.  Sauer v.

────────────────────
        [*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

Franklin County Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994) (emphasis added); see Hawthorne v. Smyth County Dep't of Soc. Servs., 33 Va. App. 130, 139-40, 531 S.E.2d 639, 644 (2000).

Code § 16.1-283(A) provides that in a termination of parental rights case "the court shall give a consideration to granting custody to relatives of the child, including grandparents."

> [B]efore the court grants custody of a child, under the provisions of Code § 16.1-283(A) the Department has a duty to produce sufficient evidence so that the court may properly determine whether there are relatives willing and suitable to take custody of the child, and to consider such relatives in comparison to other placement options.

Logan, 13 Va. App. at 131, 409 S.E.2d at 465.

Notwithstanding this requirement, the agency seeking the termination does not have the duty "in every case to investigate the home of every relative of the children, however remote, as a potential placement." Sauer, 18 Va. App. at 771, 446 S.E.2d at 642. Nor is the agency required by law to perform "'a vain and useless undertaking.'" Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644 (quoting Virginia Passenger & Power Co. v. Fisher, 104 Va. 121, 129, 51 S.E. 198, 201 (1905)). The duty to investigate is a rule of reason dependent upon the particular facts and circumstances of each individual case. "As long as evidence in the record supports the trial court's ruling and the trial court has not abused its discretion, its ruling must be affirmed on appeal." Brown v. Brown, 30 Va. App. 532, 538, 518 S.E.2d 336, 338 (1999).

Here, the Department thoroughly investigated several relatives of the children's mother. Appellant argues only that the Department failed to make "a diligent effort to seek relatives on the father's side of the family to take the children." Father concedes "he tried to get family members to take his children, but none came forward." Father identified no relatives who may have been willing to take custody of the children. Furthermore, the Department attempted to contact four of the children's relatives, but received no response. The record does not indicate

whether those contacted were maternal or paternal family members. The Department was not required to investigate the home of every relative of the children, especially those whom father failed to suggest to the Department. See Hawthorne, 33 Va. App. at 139, 531 S.E.2d at 644.

In sum, the record demonstrates that the Department satisfied its duty under Code § 16.1-283(A) to investigate and present evidence of the suitability of the children's relatives as possible custodians prior to ordering the termination of father's parental rights.

Accordingly, the trial court's decision is affirmed.

Affirmed.