COURT OF APPEALS OF VIRGINIA


Present: Judges Haley, McCullough and Senior Judge Willis


JOSE GREGORIO ROMERO

                                    MEMORANDUM OPINION[*]

v.     Record No. 1083-11-4                 PER CURIAM
                                         DECEMBER 28, 2011

ALEXANDRIA DEPARTMENT OF HUMAN SERVICES


FROM THE CIRCUIT COURT OF THE CITY OF ALEXANDRIA
Donald M. Haddock, Judge

(Frank G. Aschmann, on brief), for appellant. Appellant submitting
on brief.

(Matthew W. Greene, Special Assistant City Attorney; James L.
Banks, Jr.; Jill A. Schaub; Marcia O. Wright, Guardian *ad litem* for
minor child; Greene Law Group, PLLC; Office of the City Attorney;
The Wright Law Firm, on brief), for appellee. Appellee and
Guardian *ad litem* submitting on brief.


Jose Gregorio Romero appeals an order in which the trial court terminated his residual

parental rights to his three-year-old daughter, R.R. Appellant argues the Alexandria Department of

Human Services (the Department) failed to introduce sufficient evidence for the trial court to

determine if a relative placement was appropriate and, therefore, all findings of the trial court that

relative placement was not appropriate were made in error. Upon review of the record and briefs of

the parties, we conclude that the trial court did not err. Accordingly, we affirm the decision of the

trial court.

Appellant is serving a five-year, active term of incarceration for sexually abusing his older

teenaged daughter. Following his incarceration he will be deported to El Salvador, his country of

origin. R.R.'s mother was deemed by the trial court to be incapable of caring for the younger

---

[*] Pursuant to Code § 17.1-413, this opinion is not designated for publication.

daughter without the support of appellant or another adult. Appellant argues the Department failed to adequately investigate placement with relatives before terminating his residual parental rights.

> When addressing matters concerning the custody and care of a child, this Court's paramount consideration is the child's best interests. On appeal, we presume that the trial court thoroughly weighed all the evidence, considered the statutory requirements, and made its determination based on the child's best interests. The trial court is vested with broad discretion in making decisions "necessary to guard and to foster a child's best interests." We will not disturb a trial court's factual findings on appeal unless plainly wrong or without evidence to support them.

Brown v. Spotsylvania Dep't of Soc. Servs., 43 Va. App. 205, 211, 597 S.E.2d 214, 217 (2004) (citations omitted).

Prior to terminating a parent's residual parental rights "the court shall give a consideration to granting custody to relatives of the child, including grandparents." Code § 16.1-283(A).

> Before termination of parental rights by the court, the agency seeking termination has an affirmative duty to investigate all reasonable options for placement with immediate relatives. The agency seeking termination has the burden to show that no reasonable alternatives exist; relatives who may be considered as alternatives have no duty to present themselves as such.

Sauer v. Franklin Cnty. Dep't of Soc. Servs., 18 Va. App. 769, 771, 446 S.E.2d 640, 641 (1994) (citations omitted).

The record reflects that the Department inquired of R.R.'s mother if there were any relatives in this country who might be able to care for the child. The mother stated she had cousins in California, but she could not provide any contact information to reach them. The Department learned of another cousin in New York. Upon investigation it was determined that the cousin's husband had assaulted their teenaged daughter and that a child protective services agency was actively working with the family. Therefore, that family was not appropriate for placement. That cousin identified her sister as a possible placement, but the cousin did not provide any contact

information to the Department and no one contacted the Department further about this possibility. The Department had no additional information to pursue this line of inquiry.

Appellant's sister contacted the Department and indicated her willingness to care for R.R. However, upon investigation, the sister expressed her disbelief and skepticism that appellant had sexually abused the older daughter. Further, the sister offered her negative opinion of R.R.'s mother and the teenaged daughter, blaming her for appellant's incarceration. The psychologist who evaluated appellant's sister confirmed the Department's concerns about, and risks associated with, placing R.R. with a relative who refused to acknowledge appellant's culpability and who placed blame on the child for the abuse. Finally, R.R.'s mother felt strongly that R.R. should not be placed with appellant's sister. The Department's goal was to find a placement that would allow R.R. to maintain ties with her mother and sister. For these reasons, the Department reasonably concluded it would not be appropriate to place R.R. with appellant's sister.

Other options pursued by the Department also proved futile. Two other relatives had been identified. After the Department sent them the initial paperwork necessary to start a background check and investigation, however, these two relatives failed to respond. The Department indicated they could go no further with the investigation without the relatives returning the paperwork. The Department also determined that relatives in El Salvador would not be a viable option since the older daughter reported physical abuse and an unhealthy and unhappy environment there. Moreover, R.R.'s father would return there following deportation. R.R.'s parents and relatives, as well as the Department, were unable to identify any other relatives for possible placement.

The Department exhausted all reasonable options for placement with known relatives. The Department contacted a number of relatives, and sought to reach out to still more relatives, but those relatives that could be located were not suitable candidates for taking in the child. The Department was not required to further investigate those relatives that could not be located or those who refused

to cooperate with the investigation. Any relatives in El Salvador were not suitable because of the environment and appellant's eventual return. The Department satisfied the mandate of Code § 16.1-283(A) and reasonably investigated the options of relative placement. Based on this investigation, the trial court had sufficient evidence to make the determination that relative placement was not appropriate. Accordingly, the trial court did not err by terminating appellant's residual parental rights. For the foregoing reasons, the trial court's ruling is affirmed.

Affirmed.